UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOMER LEE REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00642 AGF |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter before the Court is on Plaintiff Homer Lee Reed's motion to remand
the case to Missouri state court. For the reasons set forth below, the motion to remand
shall be denied.

Plaintiff commenced this action on February 4, 2015, in the Circuit Court of St.
Louis County, Missouri. Plaintiff alleged that in September 2013 he petitioned for
reinstatement of his driver's license after more than ten years had elapsed since his ten-
year license revocation for an alcohol-related offense. His driving privileges were
reinstated pursuant to Missouri law requiring the installation of a breath alcohol ignition
interlock device ("IID") in Plaintiff's car, into which Plaintiff had to exhale in order to
start the car. Plaintiff alleged that he was 72 years old, and had problems blowing with
enough force to satisfy the breath volume requirement of the IID due to his chronic
obstructive pulmonary disease and asthma. As a result, the device would not read a

passing test and immobilized his vehicle. Plaintiff contacted Defendant regarding his difficulties using the IID and presented a physician's statement documenting Plaintiff's disabilities, but Defendant refused to meet with Plaintiff to discuss acceptable accommodations.

Count I of Plaintiff's petition claims a violation of Title II of the Americans with Disabilities Act; Count II claims a violation of the Missouri Human Rights Act; Count III claims a violation of Section 504 of the Rehabilitation Act of 1973; and Count IV claims a violation of the Fourteenth Amendment to the United States Constitution.

On April 17, 2015, Defendant filed a Notice for Removal (Doc. No. 1) with this Court, asserting that this Court had original jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1331. That section gives federal district courts original jurisdiction over all civil actions arising under the Constitution or laws of the United States. Defendant also asserted that Plaintiff effected service on Defendant on April 2, 2015, and thus the Notice of Removal was within the 30-day time limit set forth in 28 U.S.C. § 1446(b). Attached to the Notice of Removal was a copy of the state court file, including the petition, which was duly entered on this Court's docket sheet as Docket Entry number 3. Also on April 17, 2015, Defendant filed a Notice of Filing Notice of Removal. This notice stated that a copy of the state court file was attached as an exhibit, but no exhibit was attached. (Doc. No. 2.)

On May 15, 2015, Plaintiff filed the present motion to remand the case to state court, arguing that Defendant's Notice of Removal was defective because it did not contain a short and plain statement of the grounds for removal, as required by 28 U.S.C. §

1446(a), and because no exhibit was attached to the Notice of Filing Notice of Removal. Plaintiff contends that he therefore lacks sufficient information to challenge the removal, in violation of his due process rights. He argues that Missouri state court would be a more appropriate forum for the present litigation, and that this Court should exercise its right to decline jurisdiction over the entire case.

Defendant responds that the fact that no exhibit was attached to the Notice of Filing Notice of Removal is of no consequence as the state court file was attached to the Notice of Removal itself. Defendant also argues that the Notice of Removal adequately sets forth the basis for removal—federal question jurisdiction under § 1331—and that as the state claim arises out of the same operative facts as the federal claims, the Court should retain jurisdiction over the entire case, pursuant to 28 U.S.C. § 1367 .

The Court finds Plaintiff's arguments for remand to be without merit. As Defendant argues, because the petition alleges violations of the United States Constitution and federal laws, this Court has original jurisdiction over the case under 28 U.S.C. § 1331, and removal was thus proper under § 1446(a). This was stated in the Notice of Removal, providing Plaintiff with notice of the ground of removal. The state court file was properly filed with this Court, and Plaintiff does not challenge Defendant's assertion that Defendant was served on April 2, 2015, such that the removal was timely. Lastly, as the state law claim derives from a common nucleus of operative fact as the federal claims, this Court will retain jurisdiction over the entire case pursuant to 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**.

(Doc. No. 9.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2015.